UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADAM CROWN,                                            ECF CASE

                Plaintiff,

                                                                                              COMPLAINT

          -against-

DANBY FIRE DISTRICT, DANBY VOLUNTEER                   DEMANDS TRIAL
FIRE COMPANY, PAT CAVENEY, RICHARD OLTZ,                  BY JURY
RALPH BOWLES, WAYNE HOLDEN, MATT
COOPER, JOHN GADEN and MARK C. BUTLER,                 5:13CV269

                Defendants.                                  FJS/DEP
------------------------------------------------------------------------X

       Plaintiff, ADAM CROWN, by his attorneys, ROBERT N. ISSEKS and BLOOM & BLOOM, P.C., complaining of the defendants, alleges as follows:

### PARTIES

1. At all times hereinafter mentioned plaintiff, Adam Crown, is an individual residing in the County of Tompkins, State of New York.

2. Defendant Danby Fire District is a municipality and/or municipal agency acting under color of state law located in the County of Tompkins, State of New York.

3. Defendant Danby Volunteer Fire Company is a municipal agency and fire company existing and operating within and under the auspices of the Danby Fire District.

4. Defendant Pat Caveney was at all times relevant to this action the Chairman of the Board of Fire Commissioners of the Danby Fire District. Caveney is being sued in his individual and official capacities.

5. Defendant Richard Oltz was at all times relevant to this action a Fire Commissioner of the Danby Fire District. Oltz is being sued in his individual and official capacities.

6. Defendant Ralph Bowles was at all time relevant to this action a Fire Commissioner of the Danby Fire District. Bowles is being sued in his individual and official capacities.

7. Defendant Wayne Holden was at all times relevant to this action a Fire Commissioner of the Danby Fire District and President of the Danby Volunteer Fire Company. Holden is being sued in his individual and official capacities.

8. Defendant Matt Cooper was at all times relevant to this action a Fire Commissioner of the Danby Fire District. Cooper is being sued in his individual and official capacities.

9. Defendant John Gaden was at all times relevant to this action the Fire Chief of the Danby Volunteer Fire Company. Gaden is being sued in his individual and official capacities.

10. Defendant Mark C. Butler was at all times relevant to this action the attorney for the Danby Fire District. Butler is being sued in his individual and official capacities.

11. At all times mentioned herein, defendants and each of them acted in concert with one another and under color of state law.

## JURISDICTION AND VENUE

12. This is a civil action authorized by 42 U.S.C. §1983 seeking declaratory and injunctive relief and compensatory and punitive damages to redress the deprivations, under the color of state law, of rights, privileges and immunities secured to plaintiff by the First Amendment to the United States Constitution. Jurisdiction is conferred by 28 U.S.C. §§1331, 1343, and 2201.

13. This action is properly filed in the United States District Court for the Northern District of New York, as authorized by 28 U.S.C. §1391, inasmuch as jurisdiction of this action is not founded on diversity of citizenship, each claim arose within the Northern District of New York and the defendants' principal place of business is located in the Northern District of New York.

## STATEMENT OF CLAIMS

14. From January, 2007, until March 23, 2010, plaintiff was a volunteer firefighter for and employee of the Danby Fire District ("District") and a member of the Danby Volunteer Fire Company ("Company").

15. Throughout plaintiff's tenure with the District and Company, he was concerned that the District and Company were being operated in a fiscally irresponsible manner (including inadequate spending on firefighting necessities and excessive spending on inessentials), were not operating efficiently and safely (particularly with

respect to training), were using inadequate and unsafe equipment and apparatus, and were operating generally under fire commissioner misconduct and maladministration.

16. During plaintiff's tenure with the District and Company, and particularly in 2008, 2009 and 2010, he expressed, orally and by other means and to varying degrees of detail, his above mentioned concerns, all of which were matters of public concern, to District Commissioners and Company Officers as well as others, both inside and outside of the District and Company, including, but not limited to, defendant Butler, Susan Pratt, (Chief of Staff, for N.Y.S. Assemblywoman Barbara Lifton), Lee Shurtleff (Tompkins County Fire Coordinator), Dan Klein (Town of Danby Board Member), Ted Crane (Editor of the Danby Area News), the N.Y.S. Office of Fire Prevention and Control, the N.Y.S. Attorney General's Office, the Firemen's Association of the State of New York, Tom Basher Jr. (IFD Firefighter), Rick Dietrich (Danby Town Supervisor) and John W. Smith (former Assistant Chief W. Danby Fire Company).

17. In addition to the foregoing, during plaintiff's tenure with the District and Company in 2008 and 2009, he publicly expressed his above mentioned concerns, orally (including speaking to people "door-to-door') and in flyers, hand-outs and emails, as part of his two campaigns in his unsuccessful runs for election to the District's Board of Fire Commissioners.

18. Also, between January and March 2010, plaintiff started making requests for District and Company information and records pertaining to his aforementioned concerns.

19. By email dated March 4, 2010, defendant Chief Gaden directed plaintiff to meet with him on March 12, 2010 but refused to inform plaintiff of the reason for the meeting. Plaintiff requested an earlier date but Chief Gaden was unwilling to change it. Plaintiff then informed Chief Gaden that he could not meet on the scheduled date and suggested the following Monday and Chief Gaden did not respond.

20. On March 8, 2010, plaintiff filed a safety and health complaint with the DOL raising some of his aforementioned concerns about the safety of the District's and Company's operations, including: (1) employees being assigned tasks (fighting brush fires, fire police duties) that they have not been trained to perform safely; (2) inadequate fire vehicle driver training and EVOC training; (3) inconsistent fire scene safety and control; (4) untrained members on fire scenes being assigned attack line responsibility; fire training not provided by authorized instructors; (5) improper equipment turn around, (exposure control, HAZMAT) and equipment missing (reserve air bottles) from trucks at fire scene; (6) mandatory recurring OSHA training not being performed or participation not being enforced, proper recordkeeping not being maintained; (7) in-house training (e.g., respiratory) provided by members with no OFPC credentials; (8) Assistant EMS Director position not being filled; (9) by-laws not being followed, Fire Officers holding positions without required training; and (10) no standard procedure for radio discipline.

21. By letter dated March 12, 2010, Chief Gaden, on behalf of all of the defendants, informed plaintiff that he was suspended from the District and the Company and was to appear at a March 23, 2010 meeting of the Board of Fire Commissioners. The District refused to advise plaintiff of the reason for the suspension.

22. Plaintiff went to the March 23rd Board meeting and was told by the attorney for the District, defendant Butler, that he could not make an audio recording of the proceedings. While acting on behalf of all of the defendants, Butler gave plaintiff a prepared resignation letter to sign and told plaintiff that if he did not resign the Fire District would pursue disciplinary charges against him for, *inter alia*, forging Chief Gaden's signature on fire training course authorization forms. After Butler told plaintiff what the charges were, plaintiff denied them and Butler then asked the others to leave the room so he could speak to plaintiff privately.

23. After the others left the room, and while Butler and plaintiff were in private session, Butler began to threaten plaintiff with criminal charges. Butler told plaintiff that defending himself would "run into six figures" and that if he wanted to speak to a lawyer charges would be filed against him and they would have law enforcement there in minutes. Plaintiff expressed frustration with trying to bring about change within the Company and Butler told plaintiff that the manner in which he was trying to enact change was "confrontational and challenging" rather than "participatory and contributory." Butler continued to try to get plaintiff to resign and continued to threaten plaintiff that the

District and Company would go forward with disciplinary and possibly criminal charges if he did not resign.

24. Butler then reconvened the executive session of the March 23rd Board meeting and went through the specific charges that were being threatened which, in essence, alleged that plaintiff forged Gaden's signature on authorization forms for fire training courses with the New York State Academy of Fire Sciences and that plaintiff was insubordinate for refusing Gaden's directive to meet with him on March 12, 2010.

25. The disciplinary and criminal charges that Butler threatened plaintiff with were entirely false and pretextual and were meant to conceal the defendants' true motive and desire to terminate plaintiff's membership in the District and Company in retaliation for plaintiff's First Amendment protected speech about matters of public safety and concern as described above.

26. In the face of Butler's threats, plaintiff signed the aforementioned resignation letter on March 23, 2010, and thereby resigned from the District and Company.

27. Plaintiff's resignation was wholly involuntary and was coerced from him by the aforementioned threat to bring criminal charges if he did not resign.

28. On March 29, 2010, a DOL investigative narrative report was issued on the complaint that plaintiff had filed on March 8th which substantiated some of plaintiff's allegations and dismissed others.

29. Also on March 29, 2010, plaintiff filed with the DOL a discrimination complaint against the District and the Company in which plaintiff outlined numerous examples of the safety issues he raised to the District and Company from 2007 to 2009, and alleged, among other things, that "the action taken against [him] was primarily retaliatory for . . . raising issues of safety and management."

30. By letter dated April 16, 2010, the DOL informed plaintiff of the Commissioner's determination that the elements of his discrimination complaint could not be realized and that it should be dismissed.

31. On April 19, 2010, a Notice of Violation and Order to Comply was issued by the DOL against the Company setting forth the specific safety and health violations found by the DOL.

32. On May 17, 2010, plaintiff filed a petition with the N.Y.S. Industrial Board of Appeals ("Board") pursuant to N.Y.S. Labor Law §27-a(6)(c) and 101 to review the Commissioner's determination to dismiss Plaintiff's March 29, 2010 complaint of unlawful retaliation.

33. The Board conducted hearings on plaintiff's petition on March 15, April 12, May 12 and 13, 2011.

34. On October 11, 2011, the Board issued its Resolution of Decision on plaintiff's petition in which it found that plaintiff had met his burden of showing that the

8

Commissioner's determination was unreasonable and invalid, that his suspension on March 12, 2010 and the threat of disciplinary and possible criminal charges was an adverse employment action in retaliation for plaintiff's engaging in protected activity when he raised various safety and health issues throughout his tenure as a volunteer firefighter, and that the disciplinary charges brought against plaintiff were a pretext for the Company's unlawful retaliatory conduct.

35. Defendants' conduct as set forth above, including the adverse employment action taken against plaintiff as found by the Industrial Board of Appeals, was in retaliation against plaintiff for his having exercised his First Amendment rights to freedom of speech (by providing the aforementioned reports, complaints and information to the defendants, PESH and others) and freedom to engage in political activity (by carrying out his aforementioned campaigns for election), and for the purpose of deterring plaintiff and others similarly situated from providing such information and engaging in such campaigns in the future.

36. As a result of the unconstitutional conduct of the defendants as set forth above, plaintiff has been stigmatized, caused to suffer humiliation and anguish and has been prevented from pursuing his vocation as a firefighter.

37. The acts of defendants as set forth above constitute an ongoing, intentional policy and practice of punishing plaintiff for the exercise of his First Amendment rights

to free speech and political activity and to deter plaintiff and others from exercising those rights in the future.

38. The conduct of the defendants as set forth above has had, and continues to have, an objective chilling effect upon plaintiff's exercise of his First Amendment rights to free speech and political activity, in that a reasonable person in plaintiff's position would perceive the defendants' conduct as a threat of further punishment if he or she in the future reported wrongdoing committed by the District or the Company.

39. By virtue of the chilling effect which the aforementioned conduct and policy has had, and continues to have, upon plaintiff's First Amendment rights to freedom of speech and political activity, as well as the First Amendment rights of others, plaintiff has been and continues to be irreparably injured and will suffer further irreparable injury if the defendants' conduct is not declared to be unconstitutional.

40. The unconstitutional conduct of the individual defendants as set forth above was performed in bad faith and with a deliberate indifference to plaintiff's constitutional rights.

41. By virtue of the foregoing, plaintiff is entitled to awards of compensatory damages against the defendants.

42. By virtue of the foregoing, plaintiff is entitled to awards of punitive damages against the individual defendants.

43. Plaintiff does not have an adequate remedy at law and is therefore also entitled to equitable relief.

WHEREFORE, plaintiffs ask this Court to:

A. Issue an order adjudging and declaring that the defendants' conduct violated and continues to violate plaintiff's right to freedom of speech guaranteed by the First Amendment to the United States Constitution;

B. Issue an order directing that the defendants expunge from plaintiff's personnel files any references to the disciplinary charges against plaintiff that are referenced in this action;

C. Issue an order directing plaintiff's reinstatement as a volunteer firefighter in good standing in the Danby Fire District and Danby Fire Company;

D. Award plaintiff compensatory damages against the defendants;

E. Award plaintiff punitive damages against the individual defendants;

F. Award plaintiff the costs and disbursements of this action;

G. Award plaintiff reasonable attorney fees; and

43. Plaintiff does not have an adequate remedy at law and is therefore also entitled to equitable relief.

WHEREFORE, plaintiffs ask this Court to:

A. Issue an order adjudging and declaring that the defendants' conduct violated and continues to violate plaintiff's right to freedom of speech guaranteed by the First Amendment to the United States Constitution;

B. Issue an order directing that the defendants expunge from plaintiff's personnel files any references to the disciplinary charges against plaintiff that are referenced in this action;

C. Issue an order directing plaintiff's reinstatement as a volunteer firefighter in good standing in the Danby Fire District and Danby Fire Company;

D. Award plaintiff compensatory damages against the defendants;

E. Award plaintiff punitive damages against the individual defendants;

F. Award plaintiff the costs and disbursements of this action;

G. Award plaintiff reasonable attorney fees; and

H. Grant plaintiff such further and other relief as to this Court may seem just and proper.

Dated: March _11_, 2013

                                                                                             _/s/ NRI_
                                                                                             ROBERT N. ISSEKS, ESQ.
                                                                                             6 North Street
                                                                                             Middletown, NY  10940
                                                                                             845-344-4322

                                                                                             KEVIN D. BLOOM, ESQ.
                                                                                             Bloom & Bloom, P.C.
                                                                                             530 Blooming Grove Turnpike
                                                                                             P.O. Box 4323
                                                                                             New Windsor, New York 12553
                                                                                             (845) 561-6920

                                                                                             Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADAM CROWN,                                                                    ECF CASE

                          Plaintiff,

                                                                                           **COMPLAINT**

     -against-

DANBY FIRE DISTRICT, DANBY VOLUNTEER                      **DEMANDS TRIAL**
FIRE COMPANY, PAT CAVENEY, RICHARD OLTZ,                **BY JURY**
RALPH BOWLES, WAYNE HOLDEN, MATT
COOPER, JOHN GADEN and MARK C. BUTLER,

                          Defendants.
-------------------------------------------------------------------X

State of New York, County of ____Tompkins____ ss.:

ADAM CROWN, being duly sworn, deposes and says:

That he is the plaintiff herein; that he has read the foregoing Complaint and knows the content thereof; that same is true upon his personal knowledge or upon information and belief.

_____
ADAM CROWN

Sworn to before me this
6th day of March, 2013

_____
Notary Public

AARON T. STANIULIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ST6214630
Qualified in Tompkins County
My Commission Expires December 14, 2013

13