# EXHIBIT "M"

*10/13/08*

NY Town Law Section 176-b governs volunteer members of fire district fire companies and repeatedly cites the necessity of following the company by-laws, (except for a case wherein the by-laws violate state or federal anti-discrimination statutes.) NY Town 176-b (2), (5), (6), (12), (15)

For example:

"The provisions of this section shall not be deemed to authorize the election of any person as a member of a fire company, or the continuance of membership in a fire company as herein provided, **if such election or continuance of membership shall be contrary to the by-laws,** rules or regulations of the fire company or of the fire department of the fire district."  New York Town Law 176-b (12)  (emphasis added)

NYTown Law 176-b (15) mirrors NFPCL 1402(i) (1) and Village Law 10—1006(17) regarding unlawful discriminatory practice.
**It is unlawful for any volunteer fire department or fire company…. to exclude or to expel from its volunteer membership…or to discriminate against any of its members because of race, creed, color, sex, national origin, or marital status…**

This applies to **members, officers, fire commissioners or any other body having power of appointment.**

Case law also supports the importance of following policies and procedures:

OVERVIEW: The firefighter was notified by the fire department that a complaint had been lodged regarding his conduct during an emergency medical services call to which he had responded. It was alleged that the firefighter had breached a patient's confidentiality rights and engaged in unprofessional conduct by suggesting that he had received sexual gratification while treating the patient in question. A hearing ensued and, ultimately, the firefighter was removed from membership in the fire department. The appellate court found that the fire department's constitution stated a member was entitled to due

1

process prior to being expelled. The appellate court found that the firefighter was not in fact advised of his full panoply of rights under the fire department's constitution. Specifically, the fire department did not advise the firefighter of his right to be represented by counsel, appear and testify on his own behalf, or remain silent and/or call witnesses, **all of which plainly was required by the fire department's constitution.** Therefore, a remand was required. Belle v. Village of Delhi, 4 AD3d 572, 772 NYS2d 109, (3rd Dept. 2004) (emphasis added)

OVERVIEW: The firefighter was in a fire truck relocating to another firehouse. An accident ensued. The firefighter was seated in a rear jump seat not equipped with a seat belt. The jury found that both drivers were negligent in the operation of their vehicles. Further, the jury found that the 1979 model year fire vehicle was originally equipped with seat belts. The seat belts had been removed leaving only the seat belt mounts in the vehicle. Additionally, the jury found that the vehicle was not engaged in an emergency operation and that the seat belt removal was the cause of 100 percent of plaintiff's injuries. The court denied the motion to set aside the verdict. The court found the issues to be: 1) did the removal of a seat belt from a fire truck constitute negligence on the part of the city absent a statutory duty to provide seat belts in emergency vehicles, and 2) did the "fireman's rule" preclude recovery where the fire truck was traveling to a relocation when it was involved in an accident. As to the first, **the court found that the jury could regard the violation of internal fire department rules and regulations as evidence of negligence.** Second, the fireman's rule did not apply. Weyant v. City of New York, 162 Misc. 2d 132; 616 N.Y.S.2d 428; (Kings County, 1994) (emphasis added)

In Gibson v. Hurleyville, the plaintiff applied to become a member of the fire company and passed the physical exam. Her application was nevertheless rejected while that of a male applicant was accepted. The court found for the plaintiff holding that the fire company had rejected Gibson solely or primarily because she was a woman. Gibson v. Hurleyvill Fire Company No. 1., 1 F Supp 2d 329,

(S.D.N.Y. 1998).

Citing Everett v. Riverside Hose Company, 261 F Supp 463, (S.D.N.Y. 1966), the court held, in relevant part, citing "**In voting as they did, it is highly likely that some of the members may have believed that as an association of volunteers which also maintains relationships that are purely social, they could reject an applicant according to whim or mere social unacceptability. If so, they were mistaken.**"

"**When defendant's members vote on applicants for membership,**" the court held, " **they vote as voluntary firemen, not as members of a social club, and the State is involved in their vote.**"   Gibson v. Hurleyvill Fire Company No. 1., 1 F Supp 2d 329, (S.D.N.Y. 1998).  (emphasis added)

This company previously voted all but unanimously to approve a member who did not meet the standard of membership set forth in the by-laws, which was unquestionably -- and admittedly --- a violation of the by-laws.

The company all but unanimously stated that "we never follow the by-laws," which is not only NOT a defense, but a direct admission of violating state law.

The company, having claimed that the standards of by-laws were NOT in effect for the previous candidate, and had alleged that such standards HAD not been in effect for some time previously, has now applied those very standards to two new candidates.

This selective application of the by laws now leaves the company -- and possibly it's directors and/or officers -- very justifiably open to charges of discrimination and subject to possible legal actions, either civil or criminal, state or even federal.

The immediate solution to this problem is that either the candidates whose probation were extended for 6 months, be immediately approved for membership OR that the membership of the pervious candidate be revoked and that member ALSO be granted a 6 month

3

extension of probation, so that ALL candidates for membership are treated equally, fairly and non-discriminatorily in accordance with our current by-laws and applicable laws of NY state

To prevent a recurrence of this problem, I recommend that approval of new members either be done in accordance with the current by-laws OR votes on new members be tabled until the by-laws committee presents new standards for membership that are adopted by the company.

I strongly recommend consulting with Mark Butler, Esq. for confirmation of these facts and specific legal advice.

Respectfully Submitted,

A. Crown

10/13/08

4